PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES GILBERT BERRY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:05CV00574 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Joseph A. Sanzone, Sanzone & Baker, P.C., Lynchburg, Virginia, for Petitioner.*

Petitioner James Gilbert Berry, a federal inmate proceeding by counsel, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 2005). In his motion, Berry requests re-sentencing on his 2003 conviction based on the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Because I find that *Booker* does not apply retroactively to Berry's case, I must summarily dismiss his § 2255 motion.

Berry pled not guilty in this court to a charge of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999 & Supp. 2005). After a two-day trial in January 2003, a jury found Berry guilty. I sentenced Berry on April 11, 2003, to 360 months in prison. Berry appealed, and the United States Court of Appeals for the

Fourth Circuit affirmed his conviction and sentence. *United States v. Berry*, 87 Fed. Appx. 312-314 (4th Cir. 2004) (unpublished). The Supreme Court denied Berry's subsequent petition for a writ of certiorari on October 4, 2004. *Berry v. United States*, 125 S. Ct. 56 (2004). Counsel filed this motion on Berry's behalf on September 15, 2005.

Berry alleges that his sentence violates the rule of *Booker*. The Supreme Court, in its *Booker* decision, extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. *Booker*, 125 S. Ct. at 746. This court has held that the rule in *Blakely* does not apply retroactively to cases on collateral review. *See Lilly v. United States*, 342 F. Supp. 2d 532, 583 (W.D. Va. 2004). Following the rationale of *Lilly*, I find that *Booker* does not apply retroactively to cases on collateral review, a view adopted by all of the courts of appeal that have considered the issue. *See United States v. Cruz*, No. 03-35873, 2005 WL 2243113, at *1 (9th Cir. Sept. 16, 2005) (citing cases).

Because Berry's conviction became final prior to the decision in *Booker*, I find that *Booker* does not apply retroactively to his § 2255 motion for collateral review. Berry has not raised any other ground for relief under § 2255, and thus I must dismiss his motion.

An appropriate Final Order will be entered herewith.

DATED: September 29, 2005.

/s/ James P. Jones
Chief United States District Judge