# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAMES GILBERT BERRY,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:05CV00574 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*James Gilbert Berry, Pro Se Petitioner.*

In this long-closed case, brought as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, the petitioner, James Gilbert Berry, proceeding pro se, has filed a pleading titled "Motion to Re-Open and/or Vacate Judgment Pursuant to Rule 60(b) and (d)(3)" of the Federal Rules of Civil Procedure. I conclude that Berry's motion must be denied as untimely and without legal merit.

I.

Berry pleaded not guilty in this court to a charge of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. *United States v. Berry*, No. 5:02CR30046-10. After a two-day trial in January 2003, a jury found Berry guilty. I sentenced Berry on April 11, 2003, to 360 months in prison. Berry's trial attorney, Joseph A. Sanzone, then pursued a direct appeal, arguing that Berry was denied his right to a speedy trial, that I abused my discretion in denying Berry's

motion for mistrial, and that I erroneously calculated the drug quantity for sentencing purposes. All of these arguments were rejected. *United States v. Berry*, 87 F. App'x 312 (4th Cir.) (unpublished), *cert. denied*, 543 U.S. 818 (2004).

On September 15, 2005, Sanzone filed a § 2255 motion on Berry's behalf, arguing that under *United States v. Booker*, 543 U.S. 220 (2005), decided January 12, 2005, Berry should be resentenced. Specifically, Sanzone argued under *Booker* that because the facts used to determine the drug quantity on which I calculated Berry's sentence were not admitted or found by a jury beyond a reasonable doubt, Berry's sentence must be vacated. I summarily dismissed Berry's § 2255 motion, because the *Booker* decision was issued after Berry's direct appeals were concluded in 2004, and the rule set forth in *Booker* does not apply retroactively to cases on collateral review, such as § 2255 motions. *Berry v. United States*, 390 F. Supp. 2d 509 (W.D. Va. 2005), *appeal dismissed*, 186 F. App'x 406, 407 (4th Cir. 2006) (unpublished), *cert. denied*, 549 U.S. 1111 (2007).

II.

A federal prisoner only has one opportunity to challenge his conviction or sentence under § 2255, absent extraordinary circumstances, and a second or successive § 2255 motion, regardless of its title, must be dismissed as successive. 28 U.S.C. § 2255(f) and (h). Thus, when a defendant seeks Rule 60 relief from the court's judgment denying his § 2255 motion, he must demonstrate "some defect in

the integrity of the . . . habeas proceedings" to justify revisiting the § 2255 judgment, such as an erroneous finding of procedural default or a statute of limitations bar. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). On the other hand, a motion bringing new habeas claims or new evidence must be denied as a Rule 60 motion and should be construed and dismissed as a successive § 2255 motion. *Id.* at 531.

Liberally construed, Berry's Rule 60 motion alleges a two-part argument that his initial § 2255 proceeding in 2005 was defective because his appellate attorney also represented him in the § 2255 proceeding. First, Berry argues that his habeas counsel, Sanzone, failed to argue in the § 2255 motion that he (Sanzone) had been ineffective in failing to amend Berry's petition for appeal to include claims under *Blakely v. Washington*, 542 U.S. 296 (2004) (imposition of a sentencing enhancement based solely on findings of sentencing court violates defendant's rights under the Sixth Amendment). Second, Berry contends that the omission of such ineffective assistance claims in that initial § 2255 motion should be excused under *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). As relief, Berry asks me to reinstate this § 2255 case to the active docket to allow consideration of his ineffective assistance claim. Given this argument, I will address Berry's motion under Rule 60 rather than construing and dismissing it as a successive § 2255 motion.

III.

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subsection (c) of this rule states that "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The so-called "savings clause in Rule 60(d)(3) permits a court to exercise its inherent equitable powers to obviate a final judgment after one year for 'fraud on the court.'" *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014). To qualify for relief under Rule 60(d)(3), "not only must fraud on

the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not." *Id.* at 136.

As threshold issues, a movant seeking relief under Rule 60(b) must first demonstrate that the motion is timely, that he has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 n.12 (4th Cir. 2010); *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). Only if the movant meets these three threshold conditions will the court determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." *Nat'l Credit Union Admin. Bd.*, 1 F.3d at 266.

I cannot find that any aspect of Berry's motion under Rule 60(b) is timely filed. His conflict of interest claim relies on *Blakely* and *Martinez. Blakely* was decided in June 2004, and *Martinez* was decided on March 20, 2012 — two decisions issued eight to sixteen years before Berry filed this Rule 60(b) motion. Such lengthy delay in seeking to vindicate his rights simply cannot qualify as a reasonable time in which to pursue any claim under any subsection of Rule 60(b). *See Moses v. Joyner*, 815 F.3d 163, 166–67 (4th Cir. 2016) (finding Rule 60(b) motion filed under

*Martinez* untimely when motion submitted more than two and a half years after that decision).

Moreover, Berry's conflict of interest arguments under *Martinez* are without merit. Ordinarily, habeas counsel's ineffective assistance cannot serve as cause to excuse the procedural default of post-conviction claims. *Coleman v. Thompson*, 501 U.S. 722, 752–54 (1991). *Martinez* established a "narrow exception" to the *Coleman* rule: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9.

The only claim that Berry identifies as the fallout from the purported conflict of interest asserts that Sanzone was ineffective in representing Berry on appeal before the Fourth Circuit. As stated, the *Martinez* exception focuses only on claims of ineffective assistance at *trial*. 566 U.S. at 17 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."); *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("declining to expand the *Martinez* exception to the distinct context of ineffective assistance of appellate counsel").

Because the ineffective assistance contention allegedly triggered by Sanzone's conflict of interest did not concern Sanzone's representation at trial, *Martinez* is inapplicable to assist Berry in his belated presentation of his Rule 60(b) claim. In any event, many courts have rejected *Martinez* as a vehicle to reopen long-closed habeas proceedings under Rule 60. E.*g., Moses*, 815 F.3d at 167–69 (*Martinez* does not provide grounds for habeas petitioner to reopen his federal habeas action under Rule 60(b)(6)); *Sheppard v. Robinson*, 807 F.3d 815, 820–21 (6th Cir. 2015) (same).

Furthermore, I find no factual basis for relief from the § 2255 judgment under Rule 60(d)(3) based on Sanzone's alleged conflict of interest in representing Berry on direct appeal and in the § 2255 proceeding. Clearly, this aspect of Berry's motion is based on facts well known to him in 2005, when he hired Sanzone, his appellate counsel, to file his § 2255 motion. Nothing in the record suggests that Sanzone intentionally plotted to deceive the court, nor does Berry's case impact the public interest in such a way as to warrant the extraordinary relief for which Rule 60(d)(3) is reserved. *Fox, ex rel. Fox,* 739 F.3d at 136.

### IV.

For the reasons stated, it is **ORDERED** that the petitioner's motion, ECF No. 22, is DENIED.

-8-

ENTER: December 7, 2020

/s/  JAMES P. JONES
United States District Judge